ALD-110                                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 24-3253 & 24-3305
_____

UNIED STATES OF AMERICA

v.

OMELYAN BOTSVYNYUK,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2:10-cr-00159-001)
District Judge:  Honorable Paul S. Diamond
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 27, 2025
Before:  BIBAS, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed: March 28, 2025)
_____

OPINION[*]
_____

PER CURIAM

Appellant Omelyan Botsvynyuk appeals from District Court orders denying his

motions for compassionate release and reduction of his federal criminal sentence. The

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Government has moved for summary affirmance in both appeals. Because the appeals present no substantial questions, see 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6, we grant the Government's motions and will summarily affirm the District Court's judgments on each order.

I

In 2011, a jury in the Eastern District of Pennsylvania convicted Botsvynyuk of conspiracy to commit racketeering and interference with interstate commerce by threats of violence for his involvement in an extensive human trafficking ring which involved bringing Ukrainian nationals to the United States. He received a sentence of life imprisonment plus 20 years to be served consecutively. Botsvynyuk's direct appeal and § 2255 motion proved unsuccessful.

On November 8, 2024, Botsvynyuk first filed a motion for compassionate release, which alleged that a combination of factors created "extraordinary and compelling reasons" to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i); namely, his unusually long sentence, rehabilitative efforts, and his health. On November 15, 2024, the District Court denied Botsvynyuk's motion for compassionate release. The District Court determined that Botsvynyuk's reasons were not extraordinary nor compelling to warrant granting the compassionate release motion. Botsvynyuk timely appealed that denial.

Subsequently, on November 25, 2024, Botsvynyuk filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), relying on Amendment 826 to the Sentencing Guidelines, which became effective on November 1, 2024. On November 29, 2024, the District Court denied that motion because Amendment 826 does not apply

2

retroactively. Botsvynyuk timely appealed that denial. The two appeals have been consolidated for our analysis.

II

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's denials of Botsvynyuk's motions for abuse of discretion and will not disturb its decisions "unless there is a definite and firm conviction that [the District Court] committed a clear error of judgment in the conclusion it reached upon a weight of the relevant factors." United Stats v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020) (internal quotation marks and citation omitted); see also United States v. Thompson, 825 F.3d 198, 203 (3d Cir. 2016). We may summarily affirm the District Court's decisions if the appeals fail to present a substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6; see also Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

III

A. Motion for compassionate release

A District Court has discretion to "reduce [a federal inmate's] term of imprisonment" if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting such a motion, the District Court must consider the sentencing factors provided in 18 U.S.C. § 3553(a) "to the extent they are applicable." See 18 U.S.C. § 18 U.S.C. 3582(c)(1)(A). Those factors include, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just

3

punishment for the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant," and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." Id. § 3553(a)(2)(A)-(D).

On appeal, Botsvynyuk asserts that the District Court denied his motion without explanation. He relies on Concepcion v. United States, 597 U.S. 481 (2022), which he claims requires the District Court to enumerate the reasons one-by-one and explain the reasons for the denial of his motion. Nevertheless, Concepcion stated that a District Court is not required to articulate more than a brief statement of reasons reflecting its consideration of the parties' non-frivolous arguments. It need not make a point-by-point rebuttal of the parties' arguments. See id. at 501, 502.

Here, the District Court met the standard and did not abuse its discretion when it denied Botsvynyuk's motion for compassionate release. Botsvynyuk relied on a recent Sentencing Guidelines Amendment, U.S.S.G. § 1B1.13(b)(6), which states that unusually long sentences can be considered in a compassionate release motion if a change in the law makes the sentence disproportional to what a court would impose today. But Botsvynyuk did not identify a relevant change in the law.[1]

---

[1] Based on this analysis, we need not consider whether the District Court erred in also relying on our decision in United States v. Rutherford, 120 F.4th 360, 377, n.23 (3d Cir. 2024) (limiting its holding to the First Step Act's changes to 18 U.S.C. 924(c), but stating that it might apply to other compassionate release motions).

Next, with respect to analyzing the Section 3553(a) factors, the District Court expressly noted the nature of the offense which this Court analyzed extensively in Botsvynyuk's direct appeal. See United States v. Botsvynyuk, 552 F. App'x 178, 181-82 (3d Cir. 2014) (not precedential) (describing the nature of the human trafficking ring Botsvynyuk ran with his brothers). As to Botsvynyuk's rehabilitative efforts and medical conditions[2], the District Court's order also indicated that it considered them as well. See also 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason). Accordingly, the District Court did not abuse its discretion in denying the compassionate release motion.

B. Motion to reduce sentence

Section 3582(c)(2) of Title 18 of the United States Code authorizes a District Court to reduce a defendant's sentence if the defendant was sentenced "based on a sentencing range that has subsequently been lowered by the [United States] Sentencing Commission," but only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The relevant policy statement in U.S.S.G. § 1B.1.10(b)(1) permits a reduction only on the basis of amendments that are made retroactive in U.S.S.G. § 1B1.10(d). See, e.g., Dillon v. United States, 560 U.S. 817, 821 (2010).

---

[2] Botsvynyuk stated in his brief filed in this Court that he suffers from pulmonary fibrosis. However, as noted by the Government, the medical records attached to his brief do not list this as one of his current conditions.

Botsvynyuk relied on Amendment 826 in his motion to reduce his sentence, which provides that "[r]elevant conduct does not include conduct for which the defendant was criminally charged and acquitted in federal court." U.S.S.G. § 1B1.3(c). On appeal, Botsvynyuk argues that the District Court should have ignored the explicit limitation on the retroactive effective of Amendment 826 because "many jurists have noted" the use of acquitted conduct to increase a defendant's guidelines range is unfair. However, Botsvynyuk has not even shown that his sentence was enhanced by acquitted conduct. We note that although he was initially charged with an additional Count III, that count was withdrawn by the Government during trial. See Botsvynyuk, 552 F. App'x at 180 n.2.

Botsvynyuk also argues that the omission of Amendment 826 from the list of amendments that apply retroactively in U.S.S.G. § 1B1.10(d) is discriminatory and has no rational basis. Thus, according to him, it constitutes an equal protection violation. However, Botsvynyuk provides no support for his argument. Again, any possible equal protection argument is undermined by his failure to show in the first instance that his sentence was enhanced by any acquitted conduct.

IV

As the District Court did not abuse its discretion in denying both motions, we will affirm.